UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

POWER PLAY 1 LLC, *et ano.*,

      Plaintiffs,

  -against-

NORFOLK TIDE BASEBALL CLUB, LLC, *et al.*,

      Defendants.

------------------------------------------------------------

17cv4831

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

    Plaintiffs Power Play 1 LLC ("Power Play") and Admirals ECHL Hockey LLC ("Admirals ECHL") seek to disqualify the law firm Kaufman & Canoles, P.C. ("K&C") as counsel for Defendants Norfolk Tide Baseball Club, LLC ("Norfolk Tide") and Tides Baseball Club L.P ("Tides"). Power Play and Admirals ECHL argue that two K&C attorneys are material witnesses on significant issues of fact and that one K&C attorney maintains a financial interest in Tides. For the reasons that follow, Power Play and Admirals ECHL's motion to disqualify Defendants' attorneys is denied.

## BACKGROUND

    This action stems from Power Play's purchase of a minor league professional hockey team from the Edmonton Oilers. Power Play alleges that as part of that transaction, it also purchased Norfolk Tide's interest in Admirals ECHL, an operating company that managed the hockey team. Power Play purchased Admirals ECHL pursuant to a Membership Interest Purchase Agreement (the "Agreement") between Power Play and Norfolk Tide.

According to Power Play, the nub of this dispute is that Norfolk Tide did not exist at the time the Agreement was executed. Essentially, Power Play claims that Defendants fraudulently induced it to enter the Agreement with a phantom entity that did not own any interest in Admirals ECHL that it could transfer to Power Play. Moreover, Power Play contends that after executing the Agreement, it discovered that Norfolk Tide failed to disclose certain Admirals ECHL contracts. Power Play claims that these misrepresentations and obligations caused it to overpay for the hockey team and left it on the hook for obligations associated with those undisclosed contracts. Finally, Power Play asserts that Norfolk Tide and Tides converted or misappropriated Admirals ECHL monies and property. Thus, Power Play seeks to rescind the purportedly fraudulent Agreement, or alternatively, to recover damages for breach of contract.

## DISCUSSION

I. Legal Standard

The authority to disqualify an attorney stems from the court's "inherent power to 'preserve the integrity of the adversary process.'" Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005). Motions to disqualify are "viewed with disfavor" in this Circuit because, among other things, they encroach on a party's right to freely choose counsel, are often interposed for tactical reasons, and inevitably result in delay or additional expense even when made in good faith. John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015); Finkel v. Frattarelli Bros., Inc., 740 F. Supp. 2d 368, 372 (E.D.N.Y. 2010) (citing Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983)). A party seeking disqualification must meet a "heavy burden of proof" to prevail. John Wiley & Sons, Inc., 126 F. Supp. 3d at 419; see also Evans, 715 F.2d at 791 (exhorting courts to require a "high standard of proof"). Disqualification is warranted only when "an attorney's conduct 'poses a

significant risk of trial taint.'" John Wiley & Sons, Inc., 126 F. Supp. 3d at 419 (quotation mark omitted); see Hempstead Video, Inc., 409 F.3d at 132 (observing that other ethical violations may be addressed through federal and state disciplinary mechanisms).

Power Play's motion to disqualify is grounded on a trident of provisions of the New York Rules of Professional Conduct ("NYRPC")—Rules 3.7, 1.7, and 1.10.[1] While state disciplinary rules "need not be rigidly applied," they nevertheless provide valuable guidance in resolving a motion for disqualification. John Wiley & Sons, Inc., 126 F. Supp. 3d at 419; see GSI Commerce Solutions, Inc. v. BabyCenter LLC, 618 F.3d 204, 209 (2d Cir. 2010). With these principles in mind, this Court addresses each in turn.

II. Disqualification Under Rule 3.7

Motions to disqualify "are subject to fairly strict scrutiny, particularly motions under the witness-advocate rule." Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009). The witness-advocate rule provides that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact," subject to certain enumerated exceptions. N.Y. Rules of Prof'l Conduct 3.7(a). The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." Murray, 583 F.3d at 178 (alterations in original) (quotation marks omitted).

---

[1] New York adopted the NYRPC in 2009. Nevertheless, cases interpreting the formerly applicable Canons of the Code of Professional Responsibility in the State of New York are instructive to the extent that the NYRPC incorporates the substance of the Canons. See Finkel, 740 F. Supp. 3d at 372 n.1; see also John Wiley & Sons, Inc., 126 F. Supp. 3d at 420 n.3 (observing that courts have continued to apply precedent relating to the former witness-advocate rule because the changes made were "stylistic, rather than substantive").

3

Under subsection (b), "[a] lawyer may not act as an advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client . . . ." N.Y. Rules of Prof'l Conduct 3.7(b)(1). In this Circuit, "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that . . . the witness will provide testimony prejudicial to the client, and . . . the integrity of the judicial system will suffer as a result." Murray, 583 F.3d at 178-79. For both subsections, the testimony given by counsel must be "necessary." See Finkel, 740 F. Supp. 2d at 373-74. Likewise, the testimony must be prejudicial for disqualification under Rule 3.7, meaning that it is "sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." Murray, 583 F.3d at 178.

Power Play seeks disqualification because two K&C attorneys, Vincent Mastracco and Lauren Rogers, are material witnesses regarding the alleged fraudulent representations concerning the identity of the counterparty to the Agreement. Specifically, Power Play contends that <u>after</u> execution of the Agreement, Mastracco and Rogers represented to Power Play and its counsel that K&C represented Norfolk Tide, instead of disclosing that the entity did not exist. (Memorandum in Support of Plaintiffs' Motion to Disqualify, ECF No. 33 ("Plaintiffs' Memo."), at 3.)

But Power Play fails to offer any evidence indicating that Mastracco or Rogers had knowledge of any purported misrepresentations by Defendants during the negotiation of the Agreement or in the Agreement itself. Nor does Power Play establish that Mastracco or Rogers themselves had any role in the negotiation or drafting of the Agreement. Indeed, Defendants

4

assert in relevant part that (1) Mastracco was not involved in the negotiation, drafting, or review of the Agreement; (2) Mastracco never noticed that the Agreement referenced the wrong party until just before Tides filed a declaratory judgment action in the Eastern District of Virginia involving the same parties and operative facts; and (3) Rogers had no knowledge regarding the identity of the parties to the Agreement beyond what Mastracco provided her. (Declaration of Vincent J. Mastracco, Jr., ECF No. 43 ("Mastracco Decl.") ¶¶ 10-11, 14, 17-18, 21-22.) Plaintiffs' submissions—while probative as to the merits of their claim—do not refute these assertions regarding the scope of Mastracco's or Rogers' knowledge of the alleged fraud.

At most, Power Play insinuates that Mastracco's and Rogers' lack of knowledge is indicative of something "more to be discovered." (Plaintiffs' Reply in Support of their Motion to Disqualify, ECF No. 46 ("Plaintiffs' Reply"), at 7-8.) But this Court cannot conclude that disqualification is warranted based on Plaintiffs' unproven prognostication that "[t]he facts <u>to be discovered</u> and testimony <u>to ultimately be elicited</u> . . . will prejudice Defendants' case and undermine the integrity" of the judicial system. (Plaintiffs' Reply at 8 (emphasis added).) Stated differently, it is simply not clear at this stage in the proceedings that Mastracco or Rogers will be called to testify at trial, how significant or necessary they may be as witnesses, or whether any potential trial testimony will be so adverse to Defendants' factual account as to undermine the integrity of the judicial system.[2] See <u>Murray</u>, 583 F.3d at 178-79; <u>see also</u> <u>Gormin v. Hubregsen</u>, 2009 WL 508269, at *2-3 (S.D.N.Y. Feb. 27, 2009) (indicating that "[m]ere speculation will not suffice" on a motion for disqualification).

---

[2] In their reply, Power Play and Admirals ECHL suggest that R. Johan Conrod—another K&C attorney who is counsel of record for Defendants—also failed to inform them that Norfolk Tide did not exist. (Plaintiffs' Reply, at 3-4.) To the extent that Power Play and Admirals ECHL predicate their request for disqualification on this ground, it too fails for the reasons set forth above.

5

Finally, disqualification is not warranted under Rule 3.7 because the concerns that animate the rule have not materialized.  See Murray, 583 F.3d at 179 ("[D]isqualification by imputation should be ordered sparingly, and only when the concerns motivating the rule are at their most acute." (internal citation omitted)).  As the Second Circuit has observed, "the concerns motivating Rule 3.7 are attenuated where . . . the witness-'advocate' is not someone who will be trying the case to the jury."  Murray, 583 F.3d at 179 (alteration in original); cf. Gormin, 2009 WL 508269, at *3 (explaining that the former witness-advocate rule concerns counsel's participation at trial, not pre-trial proceedings).  Defendants represent that Mastracco is a transactional attorney who "will not be appearing as counsel of record for any party" and who "will not be advocating in front of the fact finder on behalf of the defendants" in this case.  (Mastracco Decl. ¶¶ 3, 5.)  The concern over trial taint is particularly remote here, where neither party requested a jury trial.  See Fed. R. Civ. P. 38(d).  Thus, disqualification of K&C is not warranted based on Rule 3.7.

III.     Disqualification Under Rules 1.7 and 1.10

Under Rule 1.7, an attorney may not represent a client "if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."  N.Y. Rules of Prof'l Conduct 1.7(a)(2).  Such a conflict of interest may be imputed to the law firm with which the lawyer is associated.  See N.Y. Rules of Prof'l Conduct 1.10(a).  But a violation of the Rules of Professional Conduct does not necessarily warrant disqualification.  GSI Commerce Solutions, Inc., 618 F.3d at 209.  Instead, disqualification based on concurrent conflicts of interest is warranted in this Circuit "only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the

court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation." Cohen v. Strouch, 2011 WL 1143067, at *1-2 (S.D.N.Y. Mar. 24, 2011) (citing Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764-65 (2d Cir. 1990)). Moreover, the party seeking disqualification must offer more than vague and conclusory allegations to meet its burden based on a conflict of interest. Reyes v. Golden Krust Caribbean Bakery, Inc., 2016 WL 4708953, at *13 (S.D.N.Y. Sept. 1, 2016).

Here, Power Play seeks to disqualify K&C based on Mastracco's financial interest in Tides. Mastracco invests in an array of business ventures and owns membership interests in various entities, including a limited partnership in Tides. (Mastracco Decl. ¶¶ 6, 23-24.) In addition, Mastracco has served as counsel for Tides and some of its limited partners for many years. (Mastracco Decl. ¶ 15.) He is also the registered agent for Tides in Virginia. (Mastracco Decl. ¶ 26.) But the mere existence of financial or business interests does not warrant disqualification. Rather, there must be a "significant risk" that these interests will "adversely affect[]" the lawyer's exercise of professional judgment on behalf of the client. See N.Y. Rules of Prof'l Conduct 1.7(a)(2). Aside from a passing statement that this arrangement appears "unseemly," Power Play does not attempt to explain how Mastracco's financial and business interests in Tides would impair his professional judgment or how they are adverse to Defendants' interests. See Akagi v. Turin Hous. Dev. Fund Co., 2017 WL 1076345, at *10 (S.D.N.Y. Mar. 22, 2017) (noting that the "appearance of impropriety alone does not warrant disqualification" (quotation marks omitted)). If anything, Mastracco's interests would appear to be aligned with those of Defendants. And in any event, because Mastracco will not serve as trial counsel, there is no risk of "trial taint." John Wiley & Sons, Inc., 126 F. Supp. 3d at 419. Because

disqualification of Mastracco on this ground is unwarranted, this Court reaches the same conclusion as to K&C.

## CONCLUSION

Accordingly, at this nascent stage of the litigation, Power Play and Admirals ECHL's motion to disqualify Kaufman & Canoles, P.C. is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 32.

Dated: November 13, 2017
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.